UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MATTHEW BARTLEY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 06-0082** |
| **JIM ROGERS, WARDEN** | * | **SECTION: "I"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

For the reasons set forth below, it is **HEREBY RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

Petitioner, Matthew Bartley, a prisoner incarcerated in Phelps Correctional Center, was charged by bill of information with distributing cocaine within 1000 feet of Acre Road Playground, in violation of LSA-R.S. 40:981.3.  On October 26, 1999, following trial by jury, petitioner was found to be guilty as charged.  Petitioner was sentenced to 15 years incarceration without benefit of parole, probation, or suspension of sentence and was fined $50,000.  On February 14, 2001, pursuant to petitioner's appeal, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.  *State v. Bartley*, 782 So.2d 29 (La. App. 5 Cir. 2001).[2]  On February 22, 2002, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final.  *State v. Bartley*, 809 So.2d 981 (La. 2002).

On September 15, 2003, petitioner filed an application for post-conviction relief with the state district court.[3]  On September 26, 2003, the state district court denied

---

[1] Portions of the procedural history are taken from the Louisiana Fifth Circuit Court of Appeal's decision on direct appeal, *State v. Bartley*, 782 So.2d 29 (La. App. 5 Cir. 2001).

[2] The state appellate court remanded the matter for the limited purpose of having the trial court inform petitioner of his time limitation, under the provisions of La.C.Cr.P. art. 930.8, for seeking post-conviction relief.

[3] A copy of petitioner's post-conviction application is contained in the State rec., vol. 2 of 4.  While petitioner, when he signed his post-conviction application, did not date it, the September 15, 2003 filing date was ascertained from the state district court's September 26, 2003 Order wherein the court informs that petitioner filed his post-conviction application on September 15, 2003.

petitioner's post-conviction application.[4]  On November 14, 2003, the Louisiana Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of September 26, 2003," denied petitioner's writ application,[5] and the Louisiana Supreme Court, on December 10, 2004, likewise denied petitioner relief.  *See State ex rel. Bartley v. State*, 888 So.2d 829 (La. 2004).

Petitioner signed and filed the instant action for federal habeas relief on November 29, 2005.[6]  In its response, the State argues that petitioner's habeas application should be dismissed as time-barred.  The Court agrees.

## **ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the

---

[4] A copy of the state district court's September 26, 2003 Order is contained in the State rec., vol. 2 of 4.

[5] A copy of the state appellate court's adverse decision, *State v. Bartley*, No. 2003-KH-1322 (La. App 5 Cir. 2003), is contained in the State rec., vol. 2 of 4.

[6] *See* Federal rec., doc. no. 1.  This November 29, 2005 filing date was ascertained via the court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

expiration of his time for seeking review.[7]  *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's conviction became final on February 22, 2002, and his time for seeking review expired on or about May 23, 2002, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired.  *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Thus, petitioner had a year from May 23, 2002, or until May 23, 2003, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on November 29, 2005.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, petitioner filed a state post-conviction application on September 15, 2003.  However, at that point, petitioner's one-year prescriptive period under the AEDPA

---

[7] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

had expired.  Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief.  *Coleman*, 184 F.3d at 403.

In this case, petitioner sets forth no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis.  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief filed on behalf of petitioner, Matthew Bartley, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __19th__ day of _____December_____, 2007.

LOUIS MOORE, JR.
United States Magistrate Judge